IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00040-MR

| | |
|---|---|
| TAMMY EDELBROCK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KILOLO KIJAKAZI, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before this Court on Plaintiff's appeal of the decision of the Commissioner denying her social security benefits. The parties have fully briefed the issues. [Docs. 4, 6].

**I.  PROCEDURAL HISTORY**

On February 27, 2019, Tammy Edelbrock ("Plaintiff") filed an application for a period of disability benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of November 15, 2018. [Transcript ("T.") at 19]. Plaintiff's claim was initially denied on July 10, 2019, and again denied upon reconsideration on August 16, 2019. [Id.]. On Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on May 21, 2020. [Id.]. On May 6, 2022, the ALJ issued a written

decision denying Plaintiff benefits. [Id. at 29]. On December 12, 2022, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final of the Commissioner. [Id. at 1]. Plaintiff has now exhausted all available administrative remedies and this case is ripe for review pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a

preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [this Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," this Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof,

which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. § 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education, or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative

5

work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, November 15, 2018. [T. at 21]. At step two, the ALJ found that from her alleged onset date Plaintiff had suffered from severe impairments, including NYHA Class II coronary artery disease, IgA deficiency, celiac disease, mild obesity, irritable bowel syndrome, fatty liver disease, hypertension, hypothyroid disorder, and sleep apnea. [Id.]. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listings. [Id. at 23]. The ALJ then determined that between her alleged onset date and the date of the ALJ's decision that Plaintiff had the residual functional capacity to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs; occasionally balance, kneel, crouch, crawl, and stoop; can never climb ladders, ropes, or scaffolds; must avoid concentrated exposure to more than moderate levels of noise as defined in the Selective Characteristics of Occupations; is precluded from exposure to unprotected heights and hazardous machinery; must have readily available access to an onsite restroom facility; and is limited to simple, routine, and repetitive tasks.

[Id. at 24].

At step four, the ALJ identified Plaintiff's past relevant work as an office nurse, dispatcher, and loan officer. [Id. at 27]. The ALJ then found, based upon the testimony of a Vocational Expert ("VE"), that given Plaintiff's RFC, "she would be unable to perform her past relevant work." [Id.]. However, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC that Plaintiff could perform other jobs that exist in significant numbers in the national economy, such as office helper, small product assembler, and inspector. [Id. at 28]. The ALJ thus concluded that Plaintiff was not "disabled," as defined by the Act, between her alleged onset date and the date of the ALJ's decision. [Id. at 29].

7

## V. DISCUSSION[1]

In her sole assignment of error on appeal, Plaintiff argues that the ALJ erred in formulating her RFC. [See Doc. 4 at 4]. Specifically, she alleges that the ALJ failed to adequately account for her gastrointestinal symptoms and her fatigue. [Id.].

Social Security Ruling 96-8p explains how adjudicators should assess a claimant's RFC, instructing that the "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[2] SSR 96-8p; see also Mascio, 780 F.3d at 636 (finding that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

---

[1] Rather than set forth a separate summary of the facts in this case, this Court has incorporated the relevant facts into its legal analysis.

[2] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

In formulating the RFC, an ALJ is required to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p. More specifically, rule 96-8p provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

[Id.]. "Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." [Id.].

The "need to take frequent, unscheduled breaks could reasonably affect [a plaintiff's] ability to perform work activities, and thus it [is] error for [an] ALJ not to consider this condition." Warren v. Astrue, No. 1:09-cv-00230-MR, 2011 WL 5299691, at *5 (W.D.N.C. Nov. 3, 2011). Here, Plaintiff alleged she suffers from gastrointestinal symptoms that require her to frequently visit the restroom. [Doc. 4 at 4-9]. The ALJ's decision purports to account for Plaintiff's gastrointestinal symptoms by requiring that she have "readily available access to an onsite restroom facility" in her RFC. [T. at 24, 26]. However, aside from a very brief recitation of the evidence of record

9

demonstrating that Plaintiff suffers from gastrointestinal symptoms, [see id. at 25-26], the ALJ's decision does not mention these symptoms or discuss how these symptoms impact Plaintiff's ability to perform sustained work activities. Further, the decision provides no analysis or explanation for how the ALJ concluded that this limitation adequately accounts for Plaintiff's symptoms.

Additionally, "where, as here, an ALJ finds that a claimant has an impairment that requires him to have access to a bathroom, the ALJ should make specific findings concerning the frequency and duration of Plaintiff's bathroom usage." Summey v. Berryhill, No. 1:16-cv-1185-LCB-JEP, 2018 WL 708355, at *3 (M.D.N.C. Feb. 5, 2018); see also Reid v. Comm'r of Soc. Sec., 3:20-cv-00699-DCK, 2022 WL 4747525, at *4 (W.D.N.C. Sept. 30, 2022) (adopting this rule and collecting consistent cases). Given this, the ALJ erred by failing to discuss how often, and for how long, Plaintiff will need to use the restroom.

Further, the ALJ's decision states that Plaintiff's "complaints of fatigue and pain are reflected in the hazard precautions and the assessed limitation on task complexity." [T. at 27]. However, as discussed regarding her gastrointestinal symptoms, the ALJ does not explain how he decided that this limitation adequately accounts for her fatigue related symptoms. Indeed,

10

the only mention of Plaintiff's fatigue in the ALJ's entire decision is the conclusion quoted above. The decision contains no analysis. As such, just as it does regarding Plaintiff's gastrointestinal symptoms, this Court concludes that the ALJ's discussion fails to build the necessary accurate and logical bridge between Plaintiff's fatigue related symptoms and his conclusion. Monroe, 826 F.3d at 189.

In sum, the ALJ's assessment of Claimant's RFC is insufficient to satisfy the requirement of Social Security Ruling 96-8p that the ALJ's decision "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. Thus, the ALJ failed to build an "accurate and logical bridge" from the evidence of record to the RFC conclusions. Monroe, 826 F.3d at 189. "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills, 2017 WL 957542, at *4 (citation omitted).

## VI. CONCLUSION

As this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ should conduct a proper function-by-function analysis of Plaintiff's impairments, narratively discussing all the relevant evidence, and specifically explain how he reconciles that evidence with his conclusions.

## ORDER

**IT IS, THEREFORE, ORDERED** that, pursuant to the power of this Court to enter judgment affirming, modifying, or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: December 6, 2023

Martin Reidinger
Chief United States District Judge